## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANNE MCGOWAN, individually and on behalf of all others similarly situated,<br><br>v.<br><br>CFG HEALTH NETWORK, LLC d/b/a CFG HEALTH NETWORK COMPANIES | Case No. _____<br>FLSA Collective Action<br>Fed. R. Civ. P. 23 Class Action<br><br><br>Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### Summary

1. Like many other companies across the United States, CFG's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2. That hack led to problems in timekeeping and payroll throughout CFG's organization.

3. As a result, CFG's workers who were not exempt from overtime under federal and state law were not paid for all hours worked and/or were not paid their proper overtime premium on time, if at all, for all overtime hours worked after the onset of the Kronos hack.

4. Dianne McGowan is one such CFG worker.

5. CFG could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the hack were resolved.

6. But it didn't. Instead, CFG pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

7. CFG made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

8. After significant delay, CFG made payment of some of these outstanding wages. However, portions of these earned wages remain unpaid.

9. CFG's failure to pay wages, including proper overtime, on time and in full, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

10. CFG's failure to pay wages, including proper overtime, on time and in full, violates the New Jersey State Wage and Hour Law (NJSWHL), N.J. Stat. Ann. § 34:11-56a *et seq.*, and the New Jersey Wage Payment Law (NJWPL), N.J. Stat. Ann. § 34:11-4.1, *et seq.*

11. McGowan brings this lawsuit to recover these unpaid overtime wages and other damages owed by CFG to her and CFG's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos hack, but CFG's decision to make its own non-exempt employees workers bear the economic burden for the hack.

12. This action seeks to recover the unpaid wages and other damages owed by CFG to all these workers, along with the penalties, interest, and other remedies provided by federal and New Jersey law.

## JURISDICTION & VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because CFG is headquartered in this District.

## PARTIES

16. **Plaintiff Dianne McGowan** is a natural person.

17. McGowan was, at all relevant times, an employee of CFG.

18. McGowan worked for CFG from April 2010 to February 2022.

19. McGowan worked for CFG in New Jersey.

20. McGowan worked for CFG in Warren County, New Jersey.

21. McGowan represents at least two groups of similarly situated CFG workers.

22. McGowan represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of CFG who worked in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

23. McGowan represents a class of similarly situated workers under New Jersey law pursuant to Federal Rule of Civil Procedure 23. This "New Jersey Class" is defined as:

> **All current or former non-exempt employees of CFG who worked in New Jersey at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

24. Throughout this Complaint, the FLSA Collective members and New Jersey Class members are referred to jointly as the "Similarly Situated Workers."

25. **Defendant CFG Health Network, LLC d/b/a CFG Health Network Companies ("CFG")** is a domestic limited liability company.

26. CFG is headquartered in this District.

27. At all relevant times, one or more of CFG's ultimate members were citizens of New Jersey.

28. CFG may be served by service upon its registered agent, **Thomas J. Tamburelli, 4300 Haddonfield Rd., Ste. 311, Pennsauken, NJ 08109-3376**, or by any other method allowed by law.

29. At all relevant times, CFG has been doing business under the assumed name, "CFH Health Network Companies."

30. Throughout this Complaint, CGF and its subsidiaries and alter egos are referred to jointly as "CFG."

31. CFG's subsidiaries and alter egos include, but are not limited to:

- Center for Family Guidance, PC
- CFG Health Systems, LLC
- CFG Residentials, LLC

32. At all relevant times, CFG exerted operational control over its subsidiaries and alter egos.

33. At all relevant times, CFG substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

34. At all relevant times, CFG had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

35. CFG employed and/or jointly employed, with its subsidiaries and alter egos, McGowan and the Similarly Situated Workers.

36. CFG and its subsidiaries and alter egos are joint employers for purposes of the FLSA.

37. CFG and its subsidiaries and alter egos are joint employers for purposes of New Jersey law.

### COVERAGE UNDER THE FLSA

38. At all relevant times, CFG was an employer of McGowan within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39. At all relevant times, CFG was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40. CFG was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41. During at least the last three years, CFG has had gross annual sales in excess of $500,000.

42. CFG was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

43. CFG employs many workers, including McGowan, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

44. The goods and materials handled, sold, or otherwise worked on by McGowan and other CFG employees and that have been moved in interstate commerce include, but are not limited to, medical equipment and supplies.

## FACTS

45. CFG is a healthcare provider that provides medical and mental health services.

46. Many of CFG's employees are non-exempt hourly and salaried workers.

47. Since at least 2021, CFG has used timekeeping software and hardware operated and maintained by Kronos.

48. On or about December 11, 2021, Kronos was hacked with ransomware.

49. The Kronos hack interfered with the ability of its customers, including CFG, to use Kronos's software and hardware to track hours and pay employees.

50. For at least a portion of time following the Kronos hack, CFG failed to keep accurate track of the hours that McGowan and Similarly Situated Workers worked.

51. Instead, CFG has used various methods to estimate the number of hours McGowan and Similarly Situated Workers work in each pay period.

52. For example, CFG issued paychecks based on scheduled hours or estimated hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

53. As a result of CFG's failure to accurately track the actual hours worked each week, employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

54. Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

55. McGowan is one of the many employees affected by these pay and timekeeping practices.

56. Instead of paying McGowan for the hours she actually worked (including overtime hours), CFG simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** McGowan's actual hours worked and regular pay rates, in multiple workweeks.

57. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

58. CFG knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

59. CFG knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

60. CFG could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

61. Instead of accurately tracking hours and paying employees their overtime, CFG decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

62. It was feasible for CFG to have its employees and managers report accurate hours so they could be timely paid the full and correct amounts of money they were owed for the work they did for the company.

63. But CFG chose not to do that.

64. In other words, CFG pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

65. McGowan is just one of the many CFG employees who had to shoulder the burden of this decision by CFG.

66. McGowan was a non-exempt hourly employee of CFG.

67. McGowan regularly worked over 40 hours per week for CFG.

68. McGowan's normal, pre-Kronos hack hours are reflected in CFG's records.

69. Since the Kronos hack, CFG has not paid McGowan on time, it at all, for her actual hours worked each week.

70. Since the hack took place, CFG has not been accurately recording the hours worked by McGowan and its other workers.

71. Even when CFG has issued payment to McGowan for any overtime, the overtime is not calculated based on McGowan's regular rates, as required by federal law.

72. CFG was aware of the overtime requirements of the FLSA.

73. CFG nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as McGowan.

74. CFG's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

75. The full overtime wages owed to McGowan and the Similarly Situated Workers became "unpaid" when the work for CFG was done—that is, on McGowan and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

76. At the time CFG failed to pay McGowan and the Similarly Situated Workers in full for their overtime hours by their regular paydays, CFG became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under the law.

77. In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

78. Any payment made by CFG to McGowan or the Similarly Situated Workers that CFG may allege represents previously unpaid wages was not supervised by the Department of Labor or any court.

79. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

80. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to CFG's acts and omissions resulting in the unpaid wages in the first place.

81. McGowan and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by CFG under federal and New Jersey law.

### COLLECTIVE ACTION ALLEGATIONS

82. McGowan incorporates all other allegations.

83. Numerous individuals were victimized by CFG's patterns, practices, and policies, which are in willful violation of the FLSA.

84. Based on her experiences and tenure with CFG, McGowan is aware that CFG's illegal practices were imposed on the FLSA Collective.

85. The FLSA Collective members were not paid their full overtime premiums on time, if at all, for all overtime hours worked.

86. These employees are victims of CFG's respective unlawful compensation practices and are similarly situated to McGowan in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

87. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

88. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

89. CFG's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

90. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

91. McGowan incorporates all other allegations.

92. The illegal practices CFG imposed on McGowan were likewise imposed on the New Jersey Class members.

93. Numerous other individuals who worked for CFG were were not properly compensated for all hours worked, as required by New Jersey law.

94. The New Jersey Class is so numerous that joinder of all members of the class is impracticable.

95. CFG imposed uniform practices and policies on McGowan and the New Jersey Class members regardless of any individualized factors.

96. Based on her experience and tenure with CFG, as well as coverage of the Kronos hack, McGowan is aware that CFG's illegal practices were imposed on the New Jersey Class members.

97. New Jersey Class members were all not paid their proper overtime on time, if at all, when they worked in excess of 40 hours per week.

98. CFG's failure to pay wages and overtime compensation in accordance with New Jersey law results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the New Jersey Class members.

99. McGowan's experiences are therefore typical of the experiences of the New Jersey Class members.

100. McGowan has no interest contrary to, or in conflict with, the members of the New Jersey Class. Like each member of the proposed class, McGowan has an interest in obtaining the unpaid wages and other damages owed under the law.

101. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

102. Absent this action, many New Jersey Class members likely will not obtain redress of their injuries and CFG will reap the unjust benefits of violating New Jersey law.

103. Furthermore, even if some of the New Jersey Class members could afford individual litigation against CFG, it would be unduly burdensome to the judicial system.

104. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

105. The questions of law and fact common to each of the New Jersey Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether CFG paid McGowan and the New Jersey Class members overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

   b. Whether CFG's failure to pay overtime at the rates required by law violated New Jersey's wage and hour laws;

   c. Whether McGowan and the New Jersey Class members were paid all wages due within the periods of time allowed by the NJWPL;

   d. Whether CFG's failure to timely pay wages due to McGowan and the New Jersey Class members violated the NJWPL; and

   e. Whether CFG's NJWPL violations were committed knowingly.

106. McGowan's claims are typical of the New Jersey Class members. McGowan and the New Jersey Class members have all sustained damages arising out of CFG's illegal and uniform employment policies.

107. McGowan knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

108. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class action treatment.

### First Cause of Action—Overtime Violations of the FLSA as to McGowan and the FLSA Collective

109. McGowan incorporates all other allegations.

110. By failing to pay McGowan and the FLSA Collective members overtime at 1.5 times their regular rates when the payments were due, CFG violated the FLSA. 29 U.S.C. § 207(a).

111. CFG owes McGowan and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

112. Likewise, CFG owes McGowan and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours.

113. CFG knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

114. Because CFG knew, or showed reckless disregard for whether, its pay practices violated the FLSA, CFG owes these wages for at least the past three years.

115. CFG's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

116. Because CFG's decision not to pay overtime was not made in good faith, CFG also owes McGowan and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

117. Accordingly, McGowan and the FLSA Collective members are entitled to their full overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE NJSWHL
### AS TO MCGOWAN AND THE NEW JERSEY CLASS

118. McGowan incorporates all other allegations.

119. The conduct alleged in this Complaint violates the NJWHL.

120. CFG was and is an "employer" within the meaning of the NJWHL.

121. At all relevant times, CFG employed McGowan and the other New Jersey Class members as "employees" within the meaning of the NJSWHL.

122. The NJSWHL, N.J. Stat. Ann. § 34:11-56a4(b), requires an employer like CFG to pay overtime to all non-exempt employees.

123. McGowan and the other New Jersey Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

124. The NJSWHL, N.J. Stat. Ann. § 34:11-56a4(b), requires overtime to be paid at a rate of no less than 1.5x the employee's regular hourly rate for each hour of working time in excess of 40 each week.

125. Within the applicable limitations period, CFG had a policy and practice of failing to pay proper overtime to the New Jersey Class members for their hours worked in excess of 40 hours per week.

126. As a result of CFG's failure to pay proper overtime to McGowan and the New Jersey Class members for work performed in excess of 40 hours in a workweek, CFG violated the NJSWHL.

127. McGowan and the New Jersey Class members are entitled to overtime wages under the NJSWHL in an amount equal to 1.5x their rates of pay, liquidated damages, attorney's fees, costs, penalties, interest, and all other legal and equitable relief provided by the NJSWHL, N.J. Stat. Ann. § 34:11-56a25, and the New Jersey Administrative Code, § 12:56-1.5.

### THIRD CAUSE OF ACTION—VIOLATIONS OF THE NJWPL AS TO MCGOWAN AND THE NEW JERSEY CLASS

128. McGowan incorporates all other allegations.

129. The conduct alleged in this Complaint violates the NJWPL.

130. CFG was and is an "employer" within the meaning of the NJWPL. N.J. Stat. Ann. § 34:11-4.1(a).

131. At all relevant times, CFG employed McGowan and the other New Jersey Class members as "employees" within the meaning of the NJWPL. N.J. Stat. Ann. § 34:11-4.1(b).

132. McGowan and the other New Jersey Classs members' earned wages for their work for CFG includes all monetary compensation for their labor and services. N.J. Stat. Ann. § 34:11-4.1(c).

133. The NJWPL requires an employer like CFG to pay the full amount of wages due to each employee at least twice each month on regular, pre-designated paydays. N.J. Stat. Ann. § 34:11-4.2.

134. The NJWPL requires an employer like CFG to pay all wages due to employees within 10 days after the end of the period in which the wages were earned. N.J. Stat. Ann. § 34:11-4.2.

135. CFG knew it had to pay McGowan and the New Jersey Class members all wages due within the time provided by the NJWPL, but did not do so.

136. Within the applicable limitations period, CFG had a policy and practice of failing to pay all wages due within the time period allowed under the NJWPL.

137. As a result of CFG's failure to timely pay all wages due to McGowan and the New Jersey Class members, CFG violated the NJWPL.

138. McGowan and the New Jersey Class members are entitled to their unpaid wages, liquidated damages of twice the amount of unpaid wages, attorney's fees, costs,

penalties, interest, and all other legal and equitable relief provided by the NJWPL, N.J. Stat. Ann. § 34:11-4.10(c).

## JURY DEMAND

139. McGowan demands a trial by jury on all issues.

## RELIEF SOUGHT

McGowan prays for judgment against CFG as follows:

   a.  For an order certifying a collective action for the FLSA claims;

   b.  For an order certifying a class action for the New Jersey law claims;

   c.  For an order finding CFG liable for violations of federal wage laws with respect to McGowan and all FLSA Collective members covered by this case;

   d.  For an order finding CFG liable for violations of New Jersey wage laws with respect to McGowan and all New Jersey Class members covered by this case;

   e.  For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to McGowan and all FLSA Collective members covered by this case;

   f.  For a judgment awarding all unpaid wages, liquidated damages, and penalties under New Jersey wage laws to McGowan and all New Jersey Class members covered by this case;

   g.  For an equitable accounting and restitution of wages due to McGowan and all FLSA Collective and New Jersey Class members members covered by this case;

   h.  For a judgment awarding attorneys' fees to McGowan and all FLSA Collective and New Jersey Class members covered by this case;

   i.  For a judgment awarding costs of this action to McGowan and all FLSA Collective and New Jersey Class members covered by this case;

   j.  For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to McGowan and all FLSA Collective and New Jersey Class members covered by this case; and

   k.  For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: **/s/ Andrew R. Frisch**
**Andrew R. Frisch, Esq.**
**MORGAN & MORGAN, P.A.**
8151 Peters Road
Suite 4000
Plantation, FL 33324
Telephone:     (954) WORKERS
Facsimile:      (954) 327-3013
Email: AFrisch@forthepeople.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**